UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re:

    AJAX INTEGRATED, LLC,

                      Debtor.

MARY LANNON FANGIO in her official
capacity as trustee pursuant to 11 U.S.C.
Section 1104 of the bankruptcy estate of
AJAX INTEGRATED, LLC,

                      Plaintiff,
v.

VEHIFAX CORP.,

                      Defendant.

**ADVERSARY COMPLAINT**

Chapter 11
Bankruptcy No. 14-30435

Adv. Proc. No. _____

Plaintiff, complaining of the defendant, alleges:

1.     That this bankruptcy case was commenced on March 20, 2014, by the filing of an involuntary petition against the debtor for relief pursuant to Chapter 7 of Title 11 of the United States Code.

2.     That on June 4, 2014, this court issued an Order granting the relief requested in the involuntary petition.

3.     That on June 12, 2014, the bankruptcy case was converted to a case under Chapter 11 of Title 11 of the United States Code.

4.     That on November 17, 2014, Mary Lannon Fangio was appointed trustee of the said case pursuant to 11 U.S.C. Section 1104.

5.     That the plaintiff has standing as trustee, to prosecute this adversary proceeding.

6. That this Adversary Complaint seeks to avoid the transfers effected by the creation and attachment of a security interest claimed by the defendant in three items of equipment, to wit: 2011 John Deere 410 SJ #1T0410JXCA0194552; 2011 John Deere 310 SJ #IT0310SJAB0196285; and 2011 John Deere 329 DT #IT0329DKEBD207483 (the "John Deere Equipment"), because the defendant's claimed security interest was not perfected as against the rights and powers of the plaintiff, and to preserve, for the benefit of the estate, the transfers avoided.

7. That this Adversary Complaint alleges rights and powers held by the plaintiff under 11 U.S.C. Section 544.

8. That upon information and belief, this Court has jurisdiction over this adversary proceeding under 28 U.S.C. Sections 1334 and 157(a) and Local Rule of Practice 76.1 of the District Court of the Northern District of New York.

9. That upon information and belief, the Bankruptcy Court may hear and determine this adversary proceeding, because it is a core proceeding pursuant to 28 U.S.C. Section 157(b)(1) and (2)(K) and (O).

10. That upon information and belief, the venue is properly laid in the Northern District of New York, pursuant to 28 U.S.C. Section 1409(a).

11. Plaintiff brings this case as an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(1), (2) and (9).

12. On or about June 11, 2013, defendant Vehifax Corp., as lessor, purported to enter into an "Equipment Lease Agreement" (the "Putative Lease Agreement") with AJAX Integrated, LLC, as lessee.

13. Pursuant to the Putative Lease Agreement, the defendant Vehifax Corp. purported to lease to the plaintiff AJAX Integrated, LLC, the John Deere Equipment.

2

14. Under the said Putative Lease Agreement the defendant Vehifax Corp. purported to hold title to the John Deere Equipment and lease same to the debtor AJAX Integrated, LLC for a term of 46 months at $3,877.00 per month with a down payment of $18,149.00.

15. Pursuant to a bill of sale and payment authorization that was also attached to the Putative Lease Agreement, it was stated that Vehifax Corp. "is purchasing the Equipment described above for leasing back to [AJAX Integrated] pursuant to the lease agreement between [Vehifax Corp. as] Lessor and [AJAX Integrated as] Lessees [sic]."

16. The Putative Lease Agreement also grants to AJAX Integrated, LLC, an option to "purchase" the John Deere Equipment at lease end for the sum of $16,900.00.

17. Upon information and belief, the Putative Lease Agreement under which Vehifax claims entitlement is what is commonly known, in the equipment leasing industry, as a "dirty" lease.

18. Upon information and belief, the Putative Lease Agreement is a secured transaction disguised as a lease.

19. Upon information and belief, the economic reality of the transaction, and not the form adopted by the parties, determines whether or not the purported Putative Lease Agreement is in fact a lease or a secured transaction disguised as a lease.

20. Upon information and belief, when a transaction creates a security interest, Article 9 of the Uniform Commercial Code will apply, regardless of the form of the transaction or the name that the parties have given to the transaction.

21. Upon information and belief, a principal indicator that a transaction, labeled as a lease of personal property, in fact, is a secured lending transaction, is a provision that the putative lessee has the option to acquire the personal property at lease end for a price that is substantially disproportionate to its value.

22. As aforesaid, the Putative Lease Agreement under which the defendant Vehifax Corp. claims entitlement provides that the plaintiff, at the end of the 48 month lease term, has the option to purchase the John Deere Equipment from Vehifax Corp. for the sum of $16,900.00.

23. Upon information and belief, the John Deere Equipment, at lease termination, would have a value that would be disproportionately large in comparison to the purchase option.

24. Moreover, under the buy back option, if the debtor AJAX Integrated, LLC failed to exercise the purchase option, it had the option, exercisable at its own expense, to return the equipment to Vehifax Corp.

25. Upon information and belief, the cost of returning the items to Vehifax Corp. would be very substantial.

26. Upon information and belief, while both the purchase option and the equipment return option under the Putative Lease Agreement are phrased as permissive rather than mandatory, it appears that if neither were exercised, the Putative Lease Agreement would continue and AJAX Integrated, LLC would have a continuing obligation to pay "rent" to Vehifax at the rate of $3,877.00 per month.

27. Upon information and belief, the only rational economic decision for AJAX Integrated, LLC at lease termination would be to exercise the purchase option.

28. Upon information and belief, where the terms of a putative lease, and an option to purchase thereunder, are such that the only sensible course for the lessee at lease end is to exercise the purchase option and become the owner of the leased goods, the lease was intended to create a security interest.

29. Upon information and belief, the John Deere Equipment that is subject to the Putative Lease Agreement will have substantial value at the scheduled termination date of the Putative Lease

Agreement. However, the putative lessor, by reason of the substantially less than fair market value purchase option and other lease end provisions that would compel the exercise of the purchase option, will retain no "entrepreneurial stake" in the John Deere Equipment at lease end.

30. Upon information and belief, the Putative Lease Agreement is in fact a secured transaction.

31. Upon information and belief, the Bankruptcy Court has the power to re-characterize the Putative Lease Agreement as a security agreement under principles of both commercial law and bankruptcy law, and the Bankruptcy Court should so exercise its power.

32. The defendant Vehifax Corp. contends that in the event the transaction evidenced by the Putative Lease Agreement is re-characterized as a secured transaction, it holds, nevertheless, a perfected security interest.

33. That the defendant Vehifax Corp. claims that it perfected its security interest in the John Deere Equipment by virtue of a financing statement (UCC-1) that lists an entity Signature Financial LLC as the secured party.

34. Upon information and belief, the said UCC-I filing is ineffective to perfect a security interest in favor of Vehifax Corp.

35. That the John Deere Equipment in which Vehifax Corp. claims a security interest is property of the bankruptcy estate of the plaintiff under 11 U.S.C. Section 541.

36. Upon information and belief, under 11 U.S.C. Section 544 the plaintiff is given the right and power to avoid the transfers effected by the creation and attachment of the security interest claimed by the defendant Vehifax Corp. on the John Deere Equipment.

37. Upon information and belief, under 11 U.S.C. Section 551 the transfers, upon avoidance, are preserved for the benefit of the bankruptcy estate which the plaintiff is trustee.

WHEREFORE plaintiff demands judgment against the defendant:

1. Declaring that the transaction evidenced by the Putative Lease Agreement is to be recharacterized as a secured transaction falling within the scope of Article 9 (Secured Transactions) of the Uniform Commercial Code with AJAX Integrated LLC as debtor and the defendant a secured party;

2. Declaring that defendant Vehifax Corp. did not have, as of the date of the commencement of the plaintiff's bankruptcy case, a perfected security interest in the John Deere Equipment;

3. Avoiding the transfers effected by the defendant with respect to the John Deere Equipment;

4. Preserving for the benefit of the bankruptcy estate of which the plaintiff is the trustee the avoided transfers; and

5. Such other, further and different relief for the plaintiff as to the court may seem just and proper, costs, fees and disbursements.

Dated: January 15, 2015
at Ithaca, New York

_____
EDWARD Y. CROSSMORE, ESQ.
THE CROSSMORE LAW OFFICE
Attorneys for the Plaintiff
Office and P.O. Address
115 West Green Street
Ithaca, New York 14850
Tel. (607) 273-5787
Bar Roll No. 103963
e-mail: ruth@crossmore.com